## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRENDA LEE and LEE EDWARDS; PATRICIA TUCKER and INGRID SWENSON; ELVIE JORDAN and CHALLIS GIBBS; RONALD DORFMAN and KENNETH ILIO, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) | |
| | ) | Case No. 1:13-cv-8719 |
| Plaintiffs, | ) ) | |
| | ) | Hon. Judge |
| v. | ) | Magistrate Judge |
| | ) | |
| DAVID ORR, in his official capacity as COOK COUNTY CLERK, | ) ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.    INTRODUCTION

1.    Named Plaintiffs Brenda Lee and Lee Edwards, and Patricia ("Pat") Tucker and Ingrid Swenson, Elvie G. Jordan and Challis Luann Gibbs, Ronald ("Ron") Dorfman and Kenneth ("Ken") Y. Ilio, (collectively, "Named Plaintiffs"), and the members of the Plaintiff Class (collectively, with the Named Plaintiffs, "Plaintiffs") are loving, committed same-sex couples. The Named Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 on behalf of themselves and the Plaintiff Class and Subclass, seeking declaratory and injunctive relief for the violation of Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution caused by the exclusion of same-sex couples from the freedom to marry in Illinois.

2.    Marriage plays a unique role in society as the universally recognized and celebrated hallmark of a couple's commitment to build family life together. It confers upon couples a dignity and status of immense import. Plaintiffs have formed committed, enduring

bonds equally worthy of the respect afforded by the state of Illinois to different-sex couples through marriage. Yet, the state of Illinois, without any adequate justification, continues to enforce statutes excluding lesbian and gay couples from marriage in Illinois, 750 ILCS 5/212(a)(5); 750 ILCS 5/201; 750 ILCS 5/203(2), and 750 ILCS 5/213.1 (collectively, the "marriage ban"), which, absent relief from this Court, will remain in effect until June 1, 2014. The marriage ban singles out lesbian and gay couples by excluding them from the freedom to marry based solely on their sexual orientation and their sex.

3.      Through Illinois' marriage ban and through Defendant's enforcement of that marriage ban, the state of Illinois sends a purposeful message that lesbians, gay men, and their children are second-class citizens who are undeserving of the legal sanction, respect, protections, and support that different-sex couples and their families are able to enjoy through marriage.

4.      Although the Illinois legislature recently enacted a law that will allow same-sex couples to marry, S.B. 10, Ill. 98th Gen. Assemb., First Reg. Sess. (Ill. 2013), that law does not go into effect until June 1, 2014. The continuation in enforcement of the marriage ban until that date constitutes a violation of the guarantees of Equal Protection and Due Process in the United States Constitution. Allowing Plaintiffs to marry now is the only way to avoid denying them their constitutionally guaranteed right to marry.

5.      The marriage ban inflicts serious and irreparable harms upon same-sex couples. Brenda Lee and Lee Edwards have been together for over 10 years. Although the couple pledged their love to one another in a private ceremony and formalized their commitment through a civil union, they eagerly await the day when they will be legally recognized as married spouses. Pat Tucker and Ingrid Swenson have been together for 10 years and wish to marry because only

marriage adequately signifies their love and life-time commitment and provides the greatest protection for them and their daughter that the law can afford.  Elvie Jordan and Challis Gibbs have been together for 20 years. Elvie and Challis are unmarried, and wish to marry for the same reasons as different-sex couples – to publicly declare their love and commitment before their family, friends and community, and to give one another the security and protections that only marriage provides. Ron Dorfman and Ken Ilio have also been together for 20 years and were the first registered domestic partners in Cook County. Like Elvie and Challis, Ron and Ken wish to publicly declare their love and commitment to one another and obtain the security and protections afforded by marriage.

6.      Named Plaintiffs bring this suit on behalf of themselves and all others similarly situated pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief on the grounds that the state of Illinois' continued exclusion of same-sex couples from marriage and Defendant's enforcement of the marriage ban violate the guarantees of Equal Protection and Due Process in the United States Constitution.

7.      Named Plaintiffs Elvie Jordan and Challis Gibbs, and Ron Dorfman and Ken Ilio, on behalf of themselves and the subclass who have an urgent need to marry prior to June 1, 2014 due to the potentially life-threatening illness of one or both parties, seek a temporary restraining order and preliminary injunction immediately enjoining Defendant and all those acting in concert from enforcing the Illinois marriage ban.  All  Plaintiffs seek a permanent injunction that prohibits Defendant David Orr from enforcing the Illinois marriage ban, requires Defendant to issue a marriage license to Plaintiffs upon their application and satisfaction of all legal requirements for a marriage in Cook County except for the requirement that they be of different

sexes, and requires Defendant to register their solemnized marriage as is presently required for all other marriages. Plaintiffs further seek a declaration that the marriage ban is unconstitutional.

## II.    JURISDICTION AND VENUE

8.     Named Plaintiffs bring this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation under color of state law of rights secured by the United States Constitution.

9.     Jurisdiction over the federal claims is conferred on this Court by 28 U.S.C. § 1331 and § 1343(a)(3) and (a)(4). The declaratory relief requested is authorized under 28 U.S.C. § 2201. Venue is proper under 28 U.S.C. § 1391.

## III.    PARTIES

### A.  The Named Plaintiffs

10.     Elvie G. Jordan and Challis Luann Gibbs are a lesbian couple residing in Cook County, Illinois. Elvie and Challis have been in a long-term, committed relationship for 20 years and have recently entered into a civil union in the state of Illinois.

11.     In November 2013, Challis was diagnosed with stage four neuroendocrine cancer. The cancer is in her vertebrae, epithelial tissue, and liver. Due to the spinal tumors, she cannot ride in a car for more than 30 minutes and has very limited functional capacity.

12.     Elvie and Challis had planned to marry in June of 2014 when the marriage ban would be lifted. However, with the recent news that Challis' cancer is spreading rapidly, their need to marry is now urgent.

13.     Ron Dorfman and Ken Ilio are a gay couple residing in Cook County, Illinois. Ron and Ken have been in a long-term, committed relationship for 20 years and were registered

as domestic partners in Cook County in 2004. Ron has systolic congestive heart failure and complete blockage of his right coronary artery. A prior effort to stent this artery has failed. His cardiologist is unoptimistic about his chances of surviving until June 2014 and has urged him to get married as soon as possible.

14.     With Ron's condition deteriorating, he and Ken urgently need the security and protections that legal marriage provides.

15.     Pat Tucker and Ingrid Swenson are a lesbian couple residing in Cook County, Illinois. Pat and Ingrid have been in a long-term, committed relationship for 10 years and entered into a civil union in 2011 in the state of Illinois. Pat is a consultant who provides training and technical assistance regarding homelessness to service providers around the country. Ingrid is a public school art teacher. They are both legal parents to a three-and-a-half year old daughter, Amari. Pat and Ingrid wish to be married as soon as possible in order to obtain the security and legal protections that only marriage provides.

16.     Brenda Lee and Lee Edwards are a lesbian couple residing in Cook County, Illinois. Brenda and Lee have been in a long-term committed relationship for 10 years and entered into a civil union in Illinois on June 2, 2011. Brenda is a minister and a job coach with a community service organization. Lee is a paralegal with a law firm. Brenda and Lee would like to be able to describe themselves as married, the only term that encompasses what they mean to each other.

B.    **Class Allegations**

17.    Named Plaintiffs bring this action for themselves and, pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of the following class of persons similarly situated:  All persons who reside in Illinois who apply for marriage licenses and who, but for their sex, satisfy all legal requirements for marriage under Illinois law.

18.    Named Plaintiffs Elvie Jordan, Challis Gibbs, Ron Dorfman, and Ken Ilio (collectively the "Subclass Representatives") also bring this action under the same provisions of Rule 23 and subsection (c)(5) on behalf of a subclass of those class members who have a need to marry prior to June 1, 2014 due to a life-threatening illness of one or both parties.

19.    The requirements of Federal Rule of Civil Procedure 23 are satisfied in that:

(a)    The class and subclass are so numerous that joinder of all members is impracticable.  FED. R. CIV. P. 23(a)(1).  Upon information and belief, there are thousands of same-sex couples in Illinois who would marry if Illinois law permitted them to do so.  Illinois' marriage ban, and Defendant's enforcement of it, prevents those couples from marrying. Hundreds of those couples face or will face urgent circumstances such as the Subclass Representatives' as a result of which a delay in granting them their right to marry will likely effectively prevent them from ever obtaining that right.

(b)    There are questions of law and fact common to the members of the class and the subclass.  FED. R. CIV. P. 23(a)(2).  Such questions include, but are not limited to:

      i.     whether Illinois' marriage ban violates federal substantive due process guarantees, including the fundamental right to marry, and liberty interests in autonomy, and family integrity and association;

      ii.    whether Illinois' marriage ban violates guarantees of equal protection regardless of an individual's sexual orientation, and sex in relation to the sex of his or her life partner; and

(c)    The claims of Named Plaintiffs are typical of those of the class and those of the Subclass Representatives are typical of the subclass, as their claims all arise from Illinois' marriage ban and are based on the same theories of law.

(d)    Named Plaintiffs and the Subclass Representatives are capable of fairly and adequately protecting the interests of the class and subclass because they do not have any interests antagonistic to the class and the subclass. Named Plaintiffs as well as the class and the subclass all seek to permanently enjoin the state of Illinois' marriage ban.

(e)    This action is maintainable as a class action under Rule 23(b)(2) because Defendant's enforcement of the marriage ban applies generally to the class, by precluding all class members from marrying. The injunctive and declaratory relief sought is appropriate respecting the class as a whole. The temporary restraining order and preliminary injunction sought is appropriate respecting the subclass as a whole.

**C.      Defendant David Orr, Cook County Clerk**

20.      Defendant David Orr ("Cook County Clerk") is sued in his official capacity as Cook County Clerk and has offices at 50 West Washington Street, Chicago, Illinois 60602.  The Cook County Clerk is authorized and required by law to issue marriage licenses and certificates for marriage licenses in Cook County.  750 ILCS 5/203.

21.      Parties to a prospective marriage in Cook County may apply for and obtain a marriage license from the Cook County Clerk.  750 ILCS 5/203.

22.      If all legal requirements for a marriage in Cook County are met by applicants for a marriage license, the Cook County Clerk "shall issue a license to marry and a marriage certificate."  750 ILCS 5/203.

23.      A license to marry is effective the day after issuance and permits a marriage to be solemnized only in the county in which it was issued.  750 ILCS 5/207.

24.      The marriage certificate for marriage in Cook County must be completed within ten days after the marriage is solemnized, and returned to the Cook County Clerk.  750 ILCS 5/209.

25.      The Cook County Clerk must register solemnized marriages and "make to the [Illinois] Department of Public Health a return of such marriage" by forwarding required forms and data to the Department.  750 ILCS 5/209, 5/210, 5/211; 410 ILCS 535/23.

26.     Applicants for a marriage license for a Cook County marriage must furnish the Cook County Clerk with "satisfactory proof that the marriage is not prohibited."  750 ILCS 5/203.

## IV.     FACTS

27.     Plaintiffs are residents of the State of Illinois who are excluded from marriage until June 1, 2014.  Illinois' exclusion of Plaintiffs from marriage, and Defendant's enforcement of that exclusion, subjects Plaintiffs to an inferior "second class" status relative to the rest of the political community and deprives them and their children of equal dignity, security, and legal protections afforded to other Illinois families.

**Named Plaintiffs' Desire to Marry**

28.     Elvie Jordan and Challis Luann Gibbs recently discovered that Challis has stage four cancer and may not survive until June, when the couple had hoped to marry in Illinois. Fearing that Challis would die a legal stranger to Elvie, Challis and Elvie arranged for an employee of Defendant Orr to travel on Wednesday, November 27, 2013, to the hospital room where Challis was staying for treatment, so that Challis and Elvie could apply to enter into a civil union.  On November 29, 2013, Challis and Elvie entered into a civil union in a ceremony conducted by a hospital chaplain.  However, a civil union is a second tier status for their relationship, and Challis and Elvie believe that their family members, including grandchildren, do not understand what a civil union means.  They wish to marry so that they can communicate what they mean to each other in terms that even small children understand.  They also wish to marry because marriage has deep significance and value to both of them.  Challis puts it this way:  "When I die, I want Elvie to be able to say, 'I lost my wife.'  I don't want her to have to

say, 'I lost my civil union partner.'"  As of the date of filing of this Complaint, Challis remains hospitalized.

29.     Ron Dorfman and Ken Ilio are a gay couple residing in Cook County, Illinois. Ron and Ken have been in a long-term, committed relationship for 20 years and wish to enjoy the dignity and recognition of their relationship that are unique to marriage..

30.     With Ron's heart condition deteriorating, he and Ken urgently fear that Ron may not survive to June 2014, in which case they will be permanently denied the opportunity to declare their love and commitment to one another.

31.     Pat Tucker and Ingrid Swenson celebrated their love and commitment in an August 5, 2006 ceremony in front of family and friends.  And although they entered a civil union in Illinois in order to access the protections it offered, they have always hoped for marriage because of the societal respect and understanding associated with that status.  Only marriage will provide their relationship the respect accorded to different-sex relationships.  Moreover, only marriage affords them and their daughter the full complement of legal protections and the security that civil unions can never provide.  Accordingly, they wish to marry as soon as possible.

32.     Brenda Lee, 60, and Lee Edwards, 52, wish to marry each other in order to provide security to each other and because marriage has always been important to them. Brenda's parents have been married for over 65 years and love each other deeply.  Brenda and Lee wish to share in the joy of being married that Brenda observed in her parents growing up. Brenda and Lee also have struggled to explain their civil union status to people who did not understand what it meant, including in the course of seeking spousal health insurance, an

experience that was frustrating and demeaning. Brenda and Lee would like to be able to describe themselves as married, the only term that encompasses what they mean to each other.

33.     But for the fact that they are of the same sex, Elvie Jordan and Challis Gibbs, Ron Dorfman and Ken Ilio, Pat Tucker and Ingrid Swenson, and Brenda Lee and Lee Edwards are legally qualified to marry under the laws of Illinois and wish to marry in Illinois. Each is over the age of 18 and fully competent, and not precluded from marriage as a result of having another spouse or being closely related to their partner. Each couple is willing to provide the requisite information to receive a marriage license and to pay the required fee. Each couple is able and eager to assume the responsibilities of marriage.

**The Plaintiff Class**

34.     Each member of the Plaintiff Class is a person who resides in Illinois who applies for a marriage license to marry someone of the same sex, and who, but for their sex, satisfies all legal requirements for marriage under Illinois law. Each member of the Plaintiff Class is over the age of 18, fully competent, and not precluded from marriage as a result of having another spouse or being closely related to the individual they wish to marry.

**Illinois Prohibits Marriage of Same-Sex Couples Until June 1, 2014**

35.     Illinois law excludes lesbian and gay couples from marriage. The Illinois Marriage and Dissolution of Marriage Act, 750 ILCS 5/201 (the "Marriage Act") authorizes marriages "between a man and a woman," 750 ILCS 5/201, expressly prohibits marriage "between 2 individuals of the same sex," 750 ILCS 5/212(a)(5), and states that marriages of same-sex couples are "contrary to the public policy of this state," 750 ILCS 5/213.1.

36.     The Marriage Act further states that any marriage contracted in another jurisdiction that would be prohibited if solemnized in Illinois "shall be null and void for all purposes in this state with the same effect as though such prohibited marriage had been entered into in this state." 750 ILCS 5/216(a). A marriage between persons of the same-sex legally entered into in another jurisdiction is recognized in Illinois solely as a civil union. 750 ILCS 75/60.

37.     To be valid under the Illinois statutes, a marriage must be "licensed, solemnized and registered" in accordance with the Marriage Act. 750 ILCS 5/207.

38.     Plaintiffs are unable to enter into a legally sanctioned civil marriage in Illinois without a marriage license. Common law marriages are not valid in Illinois. 750 ILCS 5/214.

39.     Civil marriage plays a unique role in society as the universally recognized and celebrated hallmark of a couple's commitment to build family life together. Although civil unions provide substantially similar legal responsibilities and legal rights to same-sex couples under Illinois law, differences remain between the two statuses. Because of these differences, coupled with the stigma of exclusion and of having their families branded as inferior by their government, same-sex couples suffer both tangible and dignitary harms due to the currently still-in-effect marriage ban, all of which are of constitutional dimension.

40.     The status of marriage has unique social significance and recognition. Without access to the familiar language and label of marriage, Plaintiffs are unable instantly or adequately to communicate to others the depth or permanence of their commitment, or to obtain respect for that commitment as others do simply by invoking their married status.

12

41.     Plaintiffs' exclusion from marriage frustrates their life goals and dreams, their ability to fulfill their personal values, their happiness and self-determination.

42.     There is no social or cultural institution, legal mechanism, or status that can substitute for legal marriage and provide Plaintiffs what marriage would provide them.  Civil unions and domestic partnerships are a novel status in Illinois without the same expressive value or communicative weight and significance as marriage.  Many people encountered by civil unionized same-sex couples express confusion, or otherwise indicate that they do not understand what the term "civil union" or "domestic partnership" means, or what legal protections and responsibilities should accrue to members of a civil union or domestic partnership.  Couples relegated to civil unions must explain and defend their family relationship in numerous contexts.

43.     Further, the federal government does not accord the same recognition and corresponding rights, benefits, obligations, and privileges to couples united in a civil union or domestic partnership that it gives to married couples.  For example, under the federal Family and Medical Leave Act, eligible employees may take unpaid, job-protected leave for specified family and medical reasons, with continuation of group health insurance coverage under the same terms and conditions as if the employee had not taken leave.  *See* 29 U.S.C. § 2614(c)(1).  However, to qualify as a spouse for purposes of this benefit, federal guidance currently requires a couple to be married under the law of "the state *where the employee resides*."  *See* 29 C.F.R. § 825.102; http://www.dol.gov/whd/regs/compliance/whdfs28f.htm (last viewed Nov. 18, 2013).  The marriage ban in Illinois prevents couples in civil unions or domestic partnerships from meeting this requirement, as couples in civil unions or domestic partnerships are not married in the state where they reside, and even if they were to marry in another state, they still would remain ineligible for this federal benefit, which is of particular importance to couples facing serious

health concerns.  *See* http://www.dol.gov/whd/regs/compliance/whdfs28f.htm (last viewed Nov. 18, 2013).  Couples who are in civil unions or domestic partnerships, but not married, also will be denied spousal tax benefits, including exemption from certain estate tax obligations.  *See United States v. Windsor*, 133 S.Ct. 2675 (2013); *see also* http://www.irs.gov/irb/2013-44_IRB/ar10.html (last viewed Nov. 19, 2013) (for federal tax purposes, the terms spouse, husband, and wife, do not include individuals who have entered into a civil union or domestic partnership, but refer only to those who are validly married under state law).

44.     The government's ongoing enforcement of the marriage ban encourages and leads to discrimination by others.  Bearing the imprimatur of the government, the State of Illinois's marriage ban, which relegates same-sex couples to the lesser status of civil union or domestic partnership, not only causes confusion regarding the legal rights of same-sex couples, but also invites others to follow the government's example in discriminating against them.  Named Plaintiffs fear that they will face discrimination in health care settings and elsewhere as a result of their inability to marry, and confusion concerning their civil union and domestic partnership status.

**Illinois Recently Amended the Illinois Marriage Act to Allow Marriage of Same-Sex Couples**

45.     On November 5, 2013, both houses of the Illinois General Assembly passed Senate Bill 10, which amends the Illinois Marriage Act to allow same-sex couples to be legally married in Illinois.  S.B. 10, Ill. 98th Gen. Assemb., First Reg. Sess. (Ill. 2013).  This amendment, however, does not become effective until June 1, 2014.

46.     On June 1, 2014, Defendant Cook County Clerk will be required to accept applications to marry from same-sex couples who are of lawful age, are not married to any other

person, are prepared to pay all applicable fees, and who otherwise meet all legal requirements to marry.

47.     Because Senate Bill 10 was passed after May 31, it cannot "become effective prior to June 1 of the next calendar year unless the General Assembly by the vote of three-fifths of the members elected to each house provides for an earlier effective date."  Ill. Const. art. IV, § 10.  The General Assembly did not provide for an earlier effective date and therefore, without action from this Court, the Illinois marriage ban will continue to be enforced until June 1, 2014.

48.     The passage of Senate Bill 10 removes any remaining doubt that, as a matter of policy, there is no legitimate governmental interest served by denying same-sex couples the ability to marry.  By enacting legislation providing for the freedom to marry to all Illinoisans regardless of their sex or sexual orientation, the Illinois legislature has disavowed all justifications for the continued exclusion of same-sex couples from marriage.  Plaintiffs will experience ongoing deprivation of their constitutional right to marry until June 1, 2014, and this delay may constitute an absolute bar to marrying for some Plaintiffs, preventing them ever from being married.

**Subclass Need for Temporary Restraining Order and Preliminary Injunction**

49.     Elvie Jordan and Challis Gibbs have been in long-term committed relationship for 20 years.  They very much want the world to officially remember and record their relationship as the union of a married couple.

50.     Unfortunately, Challis may pass away in the near future.  Unless this Court acts, Elvie and Challis will likely be permanently denied the benefits, both tangible and dignitary, of legal marriage.  For example, unless they are allowed to legally marry, they may face

discrimination in hospital settings, an estate tax burden and other harms, including challenges establishing eligibility for social security benefits as a surviving spouse.

51.     Ron Dorfman and Ken Ilio have also been in a long-term committed relationship for 20 years.  They also wish to marry and give one another the security and protections that only marriage provides.

52.     Unfortunately, Ron may pass away in the near future.  Unless this Court acts, Ron and Ken will likely be permanently denied the benefits, both tangible and dignitary, of legal marriage.  For example, unless they are allowed to legally marry, they may face discrimination in hospital settings, an estate tax burden and other harms, including challenges establishing eligibility for social security benefits as a surviving spouse.

53.     Because the Illinois Marriage Act prohibits marriages between two individuals of the same sex, Defendant Cook County Clerk is required to deny a marriage license to two persons of the same sex who wish to be legally married.  The Illinois marriage ban is unconstitutional and Defendant should be immediately enjoined from enforcing the ban as applied to members of the subclass who have an urgent need to marry prior to June 1, 2014 due to extraordinary circumstances such as the potentially life-threatening illness of one or both parties.

54.     There is no adequate remedy at law.  The members of the subclass, including Subclass Representatives, are suffering irreparable harm as described herein.  There is no harm to the State of Illinois by granting a temporary restraining order and preliminary injunction prohibiting enforcement of the challenged statute as applied to the members of the subclass with respect to the issuance of a marriage license.  The harm to the members of the subclass is severe.

The public interest is clearly served by this Court acting to order Defendant immediately to stop enforcing the Illinois marriage ban as applied to the members of the subclass. Only prompt action by this Court ordering injunctive relief will serve the public interest.

## V. CLAIMS FOR RELIEF

55. Because Defendant is prohibited by the marriage ban from issuing marriage licenses to Plaintiffs, Defendant, acting under color of law, has violated, and continues to violate, the rights secured to Plaintiffs by the Fourteenth Amendment to the United States Constitution, including the right to due process of law and the right to equal protection under the law.

### COUNT ONE: DENIAL OF DUE PROCESS

56. Plaintiffs reallege and incorporate all prior allegations made in this Complaint into this Count as if fully restated herein.

57. Plaintiffs state this cause of action against Defendant in his official capacity for purposes of seeking declaratory and injunctive relief.

58. The United States Constitution's Due Process Clause, U.S. Const. amend. XIV, § 1, provides that no State shall "deprive any person of life, liberty, or property without due process of law."

59. Illinois' marriage ban precludes marriage for same-sex couples or prevents recognition of their marriages and thereby violates the due process guarantee of the Fourteenth Amendment both facially and as applied to Plaintiffs.

60. The right to marry the unique person of one's choice and to direct the course of one's life in this intimate realm without undue government restriction is one of the fundamental

liberty interests protected for all by the United States Constitution. The guarantees of liberty, privacy, dignity and autonomy contained in this Clause protect each individual's rights to family integrity and association, and to make decisions about personal relationships and about whether and when to create a family free of unwarranted government interference.

61.     The inability of Defendant to issue marriage licenses to Plaintiffs because the Illinois Marriage Act prohibits marriages between two individuals of the same sex has harmed Plaintiffs.

62.     Ongoing enforcement of the marriage ban interferes directly and substantially with Plaintiffs' choice of whom to marry, interfering with a core, life-altering, and intimate personal choice.

63.     Ongoing enforcement of the marriage ban interferes directly and substantially with each Plaintiff's deeply intimate, personal and private decisions regarding family life, and precludes them from obtaining full liberty, dignity, integrity, autonomy and security for themselves and their family.

64.     Ongoing enforcement of the marriage ban thus denies and abridges Plaintiffs' fundamental right to marry, fundamental right of privacy, and guarantee of personal liberty, and penalizes Plaintiffs' self-determination in the most intimate sphere of their lives.

65.     There is no justification for the ongoing enforcement of the marriage ban, especially considering the passage of Senate Bill 10, which removes any remaining doubt that, as a matter of policy, there is no legitimate governmental interest served by denying Plaintiffs the

ability to marry. Defendant's actions as a result of the marriage ban violate Plaintiffs' right of substantive due process under the United States Constitution, Amendment XIV, § 1.

## COUNT TWO: DENIAL OF EQUAL PROTECTION

66. Plaintiffs reallege and incorporate all prior allegations made in this Complaint into this Count as if fully restated herein.

67. Plaintiffs state this cause of action against Defendant in his official capacity for purposes of seeking declaratory and injunctive relief.

68. The United States Constitution's Equal Protection Clause, U.S. Const. amend. XIV, § 1, provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws."

69. Ongoing enforcement of the marriage ban violates Plaintiffs' right to equal protection of the laws by discriminating impermissibly on the basis of sexual orientation and sex.

70. The Illinois marriage ban violates the equal protection guarantee of the United States Constitution, amend. XIV, § 1, both facially and as applied to Plaintiffs.

71. Plaintiffs are similarly situated to different-sex spouses in every relevant respect. Plaintiffs are as worthy of respect, dignity, social acceptance, and legitimacy as different-sex spouses and their children. The emotional, romantic, and dignitary reasons Plaintiffs seek to marry are similar to those of different-sex couples who choose to marry.

72. Ongoing enforcement of the marriage ban has harmed the Plaintiffs.

73.     The Illinois marriage ban denies Plaintiffs equal dignity and respect and relegates them to a status that is demonstrably inferior.  The Illinois marriage ban brands lesbians and gay men as members of less worthy families through a message of government-imposed stigma, and causes private bias and discrimination.

74.     The Illinois marriage ban reflects animus, moral disapproval and antipathy toward lesbians and gay men.

75.     The Illinois marriage ban targets lesbian and gay Illinoisans as a class for exclusion from marriage and discriminates against Plaintiffs based on their sexual orientation and sex both facially and as applied.

76.     The Illinois marriage ban also discriminates against Plaintiffs in the enjoyment of equal liberties and equal exercise of fundamental rights.

77.     Regardless of the level of scrutiny applied, Defendant's inability to issue Plaintiffs a marriage license lacks even a rational justification, let alone an important or compelling one, especially considering the passage of Senate Bill 10, which removes any remaining doubt that, as a matter of policy, there is no legitimate governmental interest served by denying same-sex couples the ability to marry.  There is no rational reason to make these couples wait.  Defendant's actions, as required by the Illinois marriage ban, violate Plaintiffs' right of equal protection under the United States Constitution, Amendment XIV, § 1.

## VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request that this Court enter judgment:

A.     Declaring that this suit is maintainable as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(c)(5);

B.     Declaring that the Defendant's inability to issue a marriage license to Plaintiffs violates the Due Process and Equal Protection guarantees of the United States Constitution;

C.     Issuing a temporary restraining order/preliminary injunction for the benefit of the Subclass Representatives and other members of the putative subclass enjoining Defendant and all those acting in concert from enforcing the Illinois marriage ban as applied them;

D.     Issuing a permanent injunction for the benefit of all Plaintiffs enjoining Defendant and all those acting in concert from enforcing the Illinois marriage ban;

E.     Awarding Plaintiffs their reasonable costs, expenses, and attorney fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and other applicable laws; and

F.     Granting such other and further relief as this Court shall deem just and proper.

Respectfully submitted,


/s/ Jordan M. Heinz
Emily Nicklin, P.C.
Jordan M. Heinz
Jeremy Press
Lally Gartel
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Tel:  (312) 862-2000
Fax:  (312) 862-2200

Camilla B. Taylor
Christopher R. Clark
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
Midwest Regional Office
105 West Adams, Suite 2600
Chicago, Illinois  60603
Tel:  (312) 663-4413
Fax:  (312) 663-4307

John A. Knight
Harvey Grossman
Karen Sheley
ROGER BALDWIN FOUNDATION
OF ACLU, INC.
180 North Michigan Avenue, Suite 2300
Chicago, Illinois  60601
Tel:  (312) 201-9740
Fax:  (312) 288-5225

Marc O. Beem
Zachary J. Freeman
M. David Weisman
Kay L. Dawson
MILLER SHAKMAN & BEEM LLP
180 North LaSalle Street, Suite 3600
Chicago, Illinois  60601
Tel:  (312) 263-3700
Fax:  (312) 263-3270

*Attorneys for Plaintiffs*

Dated:  December 6, 2013

## CERTIFICATE OF SERVICE

I, Jordan M. Heinz, an attorney, certify that on December 6, 2013, I caused the foregoing

document to be served via same-day messenger on the following counsel:

Kent Ray
Paul Fangman
ASSISTANT STATE'S ATTORNEYS
500 Richard J. Daley Center
50 West Washington Street
Chicago, IL  60602

*Counsel for Defendant David Orr*

Richard Huszagh
Malini Rao
Christopher Kim
OFFICE OF THE ILLINOIS ATTORNEY GENERAL
100 West Randolph Street
Chicago, IL 60601

*Counsel for State of Illinois*

/s/  Jordan M. Heinz